NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| KHAMAL SMITH, | : | |
| Plaintiff | : | CIV. NO. 21-9830 (RMB-SAK) |
| v. | : | **OPINION** |
| COUNTY OF CAPE MAY CORR. FACILITY, | : | |
| Defendant | : | |

BUMB, DISTRICT JUDGE

This matter comes before the Court upon pro se Plaintiff Khamal Smith's ("Smith") amended complaint under 42 U.S.C. § 1983. (Am. Compl., Dkt. No. 3.) Smith is a pretrial detainee confined in the Cape May County Correctional Facility, and he alleges the facility is under lockdown due to the spread of COVID-19 in the facility, and he tested positive but his requests for medical care have been denied. Plaintiff's application to proceed without prepayment of the filing fee is missing the statutorily required certified prisoner trust account statement. (IFP Application, Dkt. No. 3 at 9-11.) Nevertheless, "a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously." Brown v. Sage, 941 F.3d 655, 660 (3d Cir. 2019), cert. denied, 140 (2020).

I.   *SUA SPONTE* DISMISSAL

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity or seeks relief based on a prison

condition, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and 42 U.S.C. § 1997e(c) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

II.     THE COMPLAINT

Plaintiff alleges that he tested positive for COVID-19 at Cape May County Correctional Facility and he was subsequently denied follow up medical care and deprived of phone privileges and shower facilities, in violation of his constitutional rights. The Court notes that Plaintiff alleges that he has been denied "medical attention due to testing positive for COVID" but he appears to complain only that the physician in the medical department "denied speaking to me." The only defendant named in the complaint brought under 42 U.S.C. § 1983 is the county jail. County Jails are not "persons" subject to liability under § 1983. Lenhart v. Pennsylvania, 528 F. App'x 111, 114 (3d Cir. 2013). At this juncture, even if Plaintiff had named a proper defendant, the Court would be constrained not to dismiss the complaint. See Shorter v. United States, No. 20-2554, 2021 WL 3891552 (3d Cir. Sept. 1, 2021) (reversing district court's dismissal without prejudice to amend, holding that Court must accept Plaintiff's allegations at face value.)

Plaintiff has requested appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1). Pursuant to Tabron v. Grace, 6 F.3d 147, 156 (3d Cir. 1993), appointment of pro bono counsel is appropriate where a pro se prisoner's claims have potential merit in fact and

law, and the plaintiff may be unable to investigate and prosecute his claim without assistance. Given the alleged COVID-19 lockdown at Cape May County Correctional Facility and Plaintiff's alleged positive test for the virus, appointment of counsel is in the interest of justice. Upon appointment of pro bono counsel, pro bono counsel shall have 30 days to file an amended complaint in this matter, if the pleading can be amended in good faith, and the Court will rely on counsel to make this determination. Plaintiff must also submit a properly completed IFP application.

III.   CONCLUSION

The Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1) for failure to state a claim. However, because amendment of the complaint may cure the deficiency in Plaintiff's claim, the Court will appoint pro bono counsel to assist Plaintiff with filing an amended complaint.

An appropriate Order follows.

DATE: **September 10, 2021**

                                        s/Renée Marie Bumb
                                        **RENÉE MARIE BUMB**
                                        **United States District Judge**